The plaintiff showed that in January, 1839, he demanded the slave of the defendant, who refused to deliver him; that in March following, the plaintiff administered on the estate of Thomas Morris (who had been dead for some years), and immediately thereafter, as Morris's administrator, sued out this writ. It appeared that the slave in question was the property of his intestate, Thomas Morris; that the defendant and one David White were trustees of a Quaker society, and that the (607) slave had been claimed by the defendant as the property of the society, under a deed given by Thomas Morris, which deed was void in law. The defendant had the possession up to February, 1839, when he sent the slave to White, to protect him from the attempts of the plaintiff to take forcible possession. White sent the slave out of the State without the knowledge or consent of the defendant; but afterwards informed the defendant of it, who made no objection to the sending away of the slave. The plaintiff contended that the possession of White, and also of the person into whose possession White put the slave, was, in law, the possession of the defendant.
His Honor instructed the jury that if the slave was sent to White to prevent the plaintiff from taking forcible possession of him, and White sent him out of the State without the previous knowledge and consent of the defendant, then the plaintiff could not maintain this action. The jury, by their verdict, found that the defendant did not detain the slave, and of course did not respond to the other issue. The defendant had a judgment upon the verdict and the plaintiff appealed.
The gist of the action of detinue is the wrongful detainer at the date of the writ, and not the original taking of the chattel. 3 Bla. Com., 152; Co. Lit., 286b. It is generally, therefore, incumbent on a plaintiff in this action, after showing that he has an absolute or special property, and also a right to the immediate possession, also to show an actual possession or a general controlling power over the chattel by the defendant at *Page 479 
the date of the writ. Anderson v. Passman, 7 Car. and Pay., 193; Leigh's N. P., 782. If, however, one having a right to the possession of property make a demand therefor, which is refused, and thereupon and before the writ is sued out, the defendant part with the possession, then this action may be maintained; for the transfer of possession after demand is treated as an act done in elusion of the (608) plaintiff's action. In this case it is not pretended that when the demand was made the plaintiff had any right to the slave. The action, therefore, must be regarded as one brought without a demand, and of course subject to the operation of the general rule. According to the case the defendant did not have the actual possession when the writ was sued out, and therefore the plaintiff could not rightfully require of the judge to charge that the defendant was in law liable to his action. If he had asked of the court to instruct the jury that the defendant was liable if upon the evidence they inferred that he had a general controlling power over the possession, it can scarcely be questioned but that this request would have been complied with; for the instruction actually given seems tantamount to it. He cannot be received to complain that the instruction was not more specific, when he did not ask that it should be. We do not see any error in the charge of the judge, and the judgment must be affirmed.
PER CURIAM. Judgment affirmed.
Cited: Foscue v. Eubank, 32 N.C. 425; Webb v. Taylor, 80 N.C. 306.
(609)